IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EMMANUEL DAVID M. WATSON, individually and as next friend of LEONA THORNTON, a minor child, and DANIEL WATSON, § § § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. G-06-323 |
| § | |
| TIMOTHY WINTLE-NEWELL, et al., § § § | |
| Defendants. § | |

**ORDER EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS**

This Section 1983 lawsuit comes before the Court on removal from the 405th Judicial District Court of Galveston County, and arises out of alleged constitutional violations sustained by Plaintiffs Emmanuel Watson, Daniel Watson, and Leona Thornton (collectively "Plaintiffs") at the hands of officers of the Galveston Police Department. On July 13, 2006, Defendants City of Galveston, Timothy Wintle-Newell, Kenneth Mack, and the Galveston Police Department (collectively "Defendants") filed their Motion to Dismiss for failure to state a claim upon which relief may be granted. Plaintiffs' Response to that Motion was due on August 2, 2006.

Plaintiffs were, at the time of removal, represented by Valorie Davenport of Davenport Legal Group. Attorney Davenport is not permitted to practice before this Court until previously ordered conditions are met, and shortly after this case was removed, she notified the Court's Case Manager of the prohibition, and indicated that she intended to withdraw as counsel of record. On July 19,

1

2006, Attorney Davenport filed a Motion to Abate, requesting leave to withdraw as counsel and requesting that the Court abate the case in order to allow Plaintiffs adequate time to find substitute counsel. On July 21, 2006, the Court entered an order striking the Motion to Abate due to the Court's standard procedure of automatically striking motions for failure to comply with the local rules. The Motion to Abate failed to comply with L.R.7. Attorney Davenport failed to file another Motion that complied with the requirements of L.R.7.

On August 2, 2006, this Court held the Rule 16 Conference in this case, at which Lisa Hartman appeared on behalf of Plaintiffs, and William Scott Helfand appeared on behalf of Defendants. Lisa Hartman is associated with Valorie Davenport and the Davenport Legal Group. At the Rule 16 Conference, the Court indicated that this case would be dismissed for want of prosecution because it believed that Plaintiffs' counsel of record had, in fact, withdrawn from the case. Though claiming to represent Plaintiffs, Ms. Hartman failed to correct the Court's misunderstanding, and denied any knowledge of the procedural or substantive background of this case. However, it has come to the attention of the Court that Plaintiffs' Counsel's withdrawal was procedurally ineffective, and Attorney Davenport is still the counsel of record. Therefore, the Court **VACATES** its Order striking the Motion to Abate, and hereby **ORDERS** that Attorney Davenport and Davenport Legal Group are given leave to withdraw. Plaintiffs' request to abate this case is **DENIED**, but, so as not to prejudice Plaintiffs, they are given leave to retain new counsel by September 20, 2006. A Supplemental Rule 16 Conference will be set for September 29, 2006. **FAILURE OF PLAINTIFF TO RETAIN COUNSEL BY THIS DEADLINE WILL RESULT IN DISMISSAL.**

Although the basis for Defendants' Motion to Dismiss appears to be jurisdictional, in light of the change in Counsel and in fairness to Plaintiff, the Court feels that it must give Plaintiff additional time to respond to Defendants' Motion. Therefore, Plaintiff is hereby **ORDERED** to respond to Defendants' Motion by October 19, 2006, twenty days from the date of the Rule 16 Conference. At that time, the Court will consider Defendants' Motion on the merits.

**IT IS SO ORDERED.**

**DONE** this 4th day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge