UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL DAVID M. WATSON, Individually and as Next Friend of Leona Thorton, a Minor Child, and DANIEL WATSON, *Plaintiffs*, | § § § § § | |
| vs. | § § | CIVIL ACTION G-06-0323 |
| TIMOTHY WINTLE-NEWELL, *et al.*, *Defendants*. | § § § | |

**MEMORANDUM AND ORDER**

Before the court is a motion to dismiss (Dkt. 6) submitted by the defendants, the City of Galveston, the Galveston Police Department, and various Galveston police officers. For the following reasons, the motion to dismiss is GRANTED.

**ANALYSIS**

**1.    Local Rule 7.4**

The motion to dismiss was filed July 13, 2006. There has been no response. In the joint case discovery/case management plan submitted by the parties, the plaintiffs state that "any consideration of this motion is premature."[1] However, more than three months have passed since this motion was filed. Notwithstanding the plaintiffs' contention of lack of ripeness, under the Local Rules for the Southern District of Texas, a response to an opposed motion is due in twenty days, or it is treated as unopposed. *See* S.D. Tex. Loc. R. 7.4 ("Failure to respond will be taken as a representation of no opposition"). Accordingly, the court will treat the motion as unopposed.

---

[1]    Dkt. 15.

In addition, the motion to dismiss is well-taken on the merits. Without covering every basis warranting dismissal of this action, the court will very briefly touch upon several.

**2.      Statute of Limitations**

In the plaintiffs' original petition filed in state court, they allege that on March 29, 2003, defendant Wintle-Newell and several other Galveston police officers, acting under color of law, unlawfully detained and arrested Alex Watson and Daniel Watson, and used excessive force on Alex Watson, thereby depriving the plaintiffs of their rights to due process, equal protection, and/or privileges and immunities guaranteed by law.[2] The defendants removed this action to federal court, construing the plaintiffs' claims as causes of action for civil rights violations under 42 U.S.C. § 1983. The plaintiffs have not sought to remand, nor otherwise contested this characterization of their case. Title 42 U.S.C. § 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured in an action at law . . . ."

Federal courts borrow the forum state's general personal injury limitations period for determining the statute of limitations in section 1983 civil rights suits. *See, e.g., Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001), *cert. denied*, 534 U.S. 820 (2001); *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Texas has a two-year statute of limitations on personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2005). Because the plaintiffs' original

---

[2]      *See* Dkt. 1, Ex. D, ¶¶ 41, 42.

petition was filed on April 4, 2005, more than two years after the alleged incident forming that basis of this suit, plaintiffs' section 1983 claims are barred by the statute of limitations.

### 3.      Claims against the Galveston Police Department

"In Texas, county sheriff's and police departments generally are not legal entities capable of being sued . . . ." *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Hutchison v. Brookshire Bros., Ltd.*, 205 F. Supp. 2d 629, 635 (E.D. Tex. 2002). The claims against the Galveston Police Department therefore must be dismissed.

### 4.      Assault and Battery

The Texas Tort Claims Act expressly preserves sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 2005). Thus, the plaintiffs are precluded from bringing these claims against the City of Galveston. In addition, the same two-year statute of limitations noted above would appear to bar the plaintiffs' state law torts claims as well. *See, e.g., Burton v. Cameron County*, 884 F. Supp. 234, 239 (S.D. Tex. 1995).

### 5.      Supplemental Jurisdiction

Finally, because any claim under section 1983 is barred by the statute of limitations, it would be inappropriate for this court to exercise supplemental jurisdiction over the plaintiffs' state law claims, should any in fact remain. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The defendants' motion to dismiss is therefore GRANTED.

Signed on October 19, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge