## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EMANUEL DAVID M. WATSON, INDIVIDUALLY AND AS NEXT FRIEND OF L████ T█████████, A MINOR CHILD, AND D█████. W█████, **Plaintiffs**, | § § § § § § § | |
| VS. | § § | Civil Action No. 3:06-cv-00323 |
| TIMOTHY WINTLE-NEWELL, INDIVIDUALLY AND AS A POLICE OFFICER WITH THE GALVESTON POLICE DEPARTMENT, UNKNOWN GALVESTON POLICE OFFICERS #1, 2, 3 AND 4, INDIVIDUALLY AND AS POLICE OFFICERS WITH THE GALVESTON POLICE DEPARTMENT, UNKNOWN PEACE OFFICER #5, INDIVIDUALLY AND AS AN AGENT/ EMPLOYEE OF THE RESIDENCE AT WEST BEACH APARTMENTS, THE RESIDENTS AT WEST BEACH APARTMENTS, ROBERT PIERCE, INDIVIDUALLY AND IN HIS FORMER CAPACITY AS CHIEF OF POLICE OF THE GALVESTON POLICE DEPARTMENT; KENNETH MACK, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE OF THE GALVESTON POLICE DEPARTMENT, THE GALVESTON POLICE DEPARTMENT AND THE CITY OF GALVESTON, **Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § | |

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV ⸱ 2 2006

█████ █. █████, Clerk of Court

## MOTION FOR REHEARING

TO THIS HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiffs, Emanuel M. Watson, et al, and files **this Motion for** Rehearing and, as support for the relief requested, would respectfully **show this Court** the following:

1.  This case was originally filed in Galveston State District Court **and was removed** to the Southern District, Galveston Division on May 18, 2006. **(Doc.1)**

2.  Counsel herein had last appeared before the Honorable Samuel B. **Kent in** January 2003, when she was forced to file Motions to Withdraw **in two (all) cases** she had pending in his court due to sever health conditions **preventing her from** effectively practicing law at that time.  She was hospitalized, **for almost a month** each time, within weeks surrounding the hearing on her Motions. **Upon her** release from her first hospitalization she filed her a Motion for **Continuance of an** upcoming trial setting (in mid January) and, in the alternative, **requested leave** to withdraw due to her declining health. Her Motion was **Denied.**

3.  On or about January 6, 2003, counsel filed yet another,  emergency **Motion to** Continue the case or to allow her withdrawal, which, in an air **of anger and** consternation, was begrudgingly granted by the Court. Counsel **was, in truth** and fact, unable to proceed as represented. In fact, within **weeks after the Order** allowing her withdrawal, she was again admitted, this time **comatose, to** Methodist hospital, where she was placed on life support, and **remained for** almost a month (in February through March of that same **year).**

4.  However, her repeated Motions for an abatement and/or to **withdraw from** those cases came between the first and second hospitalization **and, while they** were filed immediately and then again on two weeks after **her release from the**

first hospitalization, they also forced a continuance of the first **trial setting in one** of the cases, which was set for mid January 2003.

5.     Counsel has not returned to the Southern District, Galveston **Division, since that** time, until she received Defendant's Notice of Removal, filed **on May 18, 2006 in** this case. (Doc. 1) The Certificate of Service was filed on May 22, 2006. (Doc 4.)

6.     Upon receiving the Notice, counsel immediately contacted Ms. **Cathy McBroom,** Judge Kent's coordinator, and advised her of the prior situation, **asking if the** court wished to see her face to face before she proceeded for**ward in** representing her client. Shortly thereafter, she was called and **advised that Judge** Kent had stated she (counsel) could not appear (or file) anything in **his court at** that time, pending certain conditions.

7.     On July 19, 2003, Counsel filed a Motion to Abate this case pending **resolution of** the matter. (Doc. 8) However, between receiving Judge Kent's **admonition and** the filing of her Motion, defense counsel filed the Motion to **Dismiss (Doc. 6) and** Memorandum (Doc. 7) which formed the basis of this courts **Memorandum and** Order. (Doc. 15).

8.     Between the filing of the Motion to Abate and Judge Kent's recusal, **a series of** hearings ensued at which it was clear that counsel would not **be allowed to** represent her client (at all, much less effectively) before Judge Kent. **(Doc. 10 and** 11)

9.     Eventually, on September 18, 2006, the Honorable Samuel B. Kent **recused** himself from the case, retaining any scheduling deadlines, which **had not yet**

been set, and *vacating all setting then in effect.* (Doc 12)

10. Also, pursuant to that same order, the matter was referred to the Southern District, Houston Division, and assigned to the Honorable Kenneth Hoyt, presiding. (Doc. 12)

11. Upon his receipt, The Honorable Kenneth Hoyt similarly recused himself, and the matter was reassigned to this Honorable court on or about September 21, 2006. (Document 13).

12. Counsel cooperated in the preparation of the joint case management plan, as required; however, she was then currently in the middle of a four day contempt procedure (where she represented the Movants) before the Honorable Kenneth Hoyt[1], and was unable to appear at the court's scheduling conference as noticed, on October 18, 2006. However, she had been informed prior to hearing that, due to the agreements reached with opposing counsel, her attendance would not be required.

13. The following day, October 19, 2006, this Court signed the now complained of Memorandum and Order dismissing her client's case. (Doc.15).

14. Based on the aforementioned facts and history, counsel respectfully request a rehearing of said Motion to Dismiss and reinstatement of her client's case. She also request time to properly and fully respond to said Motion so that full consideration may be give and justice can be served thereby.

15. WHEREFORE, PREMISES CONSIDERED, Movant prays that this Request for

---

[1] Fergus Ginther, et al v. Texas Commerce Bank, Cause No. 85-6191

Rehearing be granted, that the present Memorandum and Order be withdrawn and that she be given a full opportunity to properly brief and respond to the Defendant's previously filed Motion to Dismiss. Movant also prays for all other relief, both general and special, whether in law or in equity, that Plaintiff is entitled to receive.

Respectfully submitted,

Valorie W. Davenport
State Bar No. 05419500
305 Glenwood
Houston, Texas 77007
(713)655-1500 tel.
(713)863-1116 fax
vdavenport@dg-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by First Class Mail on this the 2nd day of November, 2006.

William S. Helfand
1200 Smith Street, Suite 1400
Houston, TX 77002

Norman Ray Giles
1200 Smith Street, Suite 1400
Houston, TX 77002

Valorie W. Davenport