IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL DAVID M. WATSON, INDIVIDUALLY AND AS NEXT FRIEND OF LEONA THORTON, A MINOR CHILD, AND DANIEL WATSON, <br>     Plaintiffs <br><br> VS. <br><br> TIMOTHY WINTLE-NEWELL, INDIVIDUALLY AND AS A POLICE OFFICER WITH THE GALVESTON POLICE DEPARTMENT, UNKNOWN GALVESTON POLICE OFFICERS #1, 2, 3, AND 4, INDIVIDUALLY AND AS POLICE OFFICERS WITH THE GALVESTON POLICE DEPARTMENT, ET AL <br>     Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:06-cv-00323 <br><br><br><br><br><br> Defendant Demands a Jury |

## **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REHEARING**

TO THIS HONORABLE UNITED STATES DISTRICT COURT:

    COME NOW, Defendants[1], Officer Timothy Wintle-Newell, Chief of Police Kenneth Mack, the City of Galveston (City), Texas, and the Galveston Police Department (Department), who file their opposition to the Plaintiff's motion for rehearing and Defendants would respectfully show as follows:

---

[1] While it would appear that the Plaintiff has sued numerous people, a plain reading of the caption of this matter, and the Plaintiff's complaint, reveals that, in fact, the Plaintiff lists as party -- defendants numerous otherwise unidentified individuals. Although this lawsuit has been pending for some time, only these defendants have yet been served. Accordingly, it would seem that the Court's recent Order of dismissal disposes of all pending claims against all defendants in this matter.

1

## BASIS OF DISMISSAL

1. This Court correctly determined that Plaintiffs fail to allege facts showing their claims are not barred by limitations.

2. Plaintiffs fail to allege facts which support a claim under the Fourth Amendment.

3. Plaintiffs fail to allege facts which support a claim under the Fourteenth Amendment.

4. Plaintiffs fail to allege facts showing the City's police department have the legal capacity to be sued as an independent entity.

5. Plaintiffs' claims against City officials, in their official capacity, are duplicative of claims against the City.

6. Plaintiffs fail to allege facts showing the personal involvement of Police Chief Kenneth Mack or former Police Chief Robert Pierce in any unconstitutional conduct.

7. Plaintiffs' allegations show Daniel Watson's claim has not accrued.

8. Plaintiffs' fail to allege facts which support a claim of conspiracy.

9. Plaintiffs fail to allege facts which support a claim against the City under state or federal law.

10. Plaintiffs fail to allege facts which overcome the individual Defendants' qualified and official immunity.

## ARGUMENT AND AUTHORITIES

11. Plaintiffs move for rehearing without informing the Court of any legitimate basis to do so.[2]  Plaintiffs merely lists the procedural history of this ill advised, frivolous

---

[2] Plaintiffs' counsel claims, within ¶ 12 of Plaintiff's motion for reconsideration that "[Plaintiff's counsel] had been informed prior to the hearing that, due to the agreements reached with opposing counsel, her attendance would not be required."  To the contrary, however, although Defendants' counsel prepared a

lawsuit but, tellingly, wholly fail to identify any substantive response to this Court's Memorandum and Order dismissing the case. This Court has concluded from the record before it that this case should be dismissed because Plaintiffs failed to comply with the requirements of Local Rule 7.4 of the Southern District of Texas,[3] all of Plaintiffs' claims are barred by limitations, the Galveston Police Department is not capable of being sued, Plaintiffs' claims of intentional torts are barred by TEX.CIV.PRAC.&REM. CODE § 101.057 and there is no supplemental jurisdiction over any state law claims which remain, if any.[4]

12.     Accordingly, this Court properly dismissed this lawsuit and any efforts to set aside such proper Order, particularly in the complete absence of any substantive explanation as to any error part of the Court in finding dismissal to the appropriate on several grounds, is simply unreasonably wasteful of the Defendants' and, more importantly, the Court's time and resources.

### **PRAYER**

FOR THE FOREGOING REASONS, as well as those included within the Defendants' motion to dismiss, the Defendants move this Court to deny the Plaintiffs' motion for rehearing, and afford the Defendants all other relief to which they are justly entitled in law and equity.

---

proposed joint scheduling Order and faxed it to the Plaintiffs' counsel and, although Defendants' counsel followed up the fax with several telephone calls to Plaintiffs' counsel's office in an effort to reach an agreement on the proposed Scheduling Order before the scheduling conference; Plaintiff's counsel never even returned the telephone calls of Defendants' counsel. Indeed, at the scheduled time for the conference, the Court's coordinator specifically asked Defendants' counsel if he knew why Plaintiff's counsel was not present.

[3]     Plaintiffs have still failed to comply with this local rule because they have yet to file a substantive response to the issues raised in the Defendants' motion to dismiss.

[4]     The Defendants' have pointed out several other reasons why this lawsuit should be dismissed, but the Plaintiffs likewise have not responded to these additional grounds for dismissal.

3

Respectfully Submitted

By: /S/ William S. Helfand
    WILLIAM S. HELFAND
    Attorney-in-charge
    SBOT: 09388250
    NORMAN RAY GILES
    SBOT: 24014084

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, Texas  77002
(713) 654-9630
(713) 658-2553 (Fax)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 9th day of November, 2006.

Valorie W. Davenport
Denise W. Novotny
Attorney at Law
440 Louisiana Street, Suite 1210
Houston, Texas 77002

/S/ William S. Helfand